in the plaintiff not to insist on a satisfactory explanation before he took the paper. There having been no legal transfer of the stock, the plaintiff cannot avail himself of the principle that he is a purchaser for valuable consideration without notice; for that is a plea only in defence of a legal title against a prior equity; not a substantial ground of relief for a plaintiff in equity against an equity. Whatever legal or equitable defence the company would have had against C. J. Love or J. Love, in regard to these certificates, they have against the plaintiff. The equity follows the certificates into the hands of every one who cannot, at law, avail himself of them.

I am, therefore, of opinion that the bill should be dismissed, with costs. If the bill be dismissed as against the company, it cannot be continued against C. J. Love, and John Love, because, being non-residents, the court has no jurisdiction as to them. Bill dismissed with costs.

---

HOLBROOK (LANG v.). See Case No. 8,-057.

HOLBROOK v. MATTHEWS. See Cases Nos. 6,594–6,596.

---

## Case No. 6,592.

### HOLBROOK v. ROSS et al.

[Cited in Smith v. Bank of Columbia, Case No. 13,011. Nowhere reported; opinion not now accessible.]

---

## Case No. 6,593.

### HOLBROOK v. SEAGRAVES.

[1 Story, 546; [1] 4 Law Rep. 143.]

Circuit Court, D. Rhode Island. June Term, 1841.

REMOVAL OF CAUSES TO FEDERAL COURT—SPECIAL BAIL—SURRENDER OF PRINCIPAL.

Where a cause is removed from a state court to the circuit court of the United States under the judiciary act of 1789, c. 20, § 12 [1 Stat. 79], and special bail is given, if the bail afterwards seek to surrender the principal, it should be in open court, and not by a commitment to gaol according to the local law of the state. But, if the party is so committed, the circuit court will, upon the petition of the bail, grant a writ of habeas corpus to bring the party into court, to be surrendered in discharge of his bail.

This was the case of a scire facias against the defendant [Jacob P. Seagraves,] as special bail for Willard Holbrook. The suit was commenced against the original defendant in the state court of common pleas. Upon the removal of the cause into this court, the bail on the original writ became discharged, and Seagraves became special bail for the defendant, in conformity with the provisions of the act of congress in relation to such cases. Since the taking out of this scire facias, the present defendant has committed his principal to the Providence county

jail, and now moved the court, that he be discharged upon payment of costs on the scire facias. The motion being objected to, the court decided, that the commitment of the principal did not in this case discharge the bail. Cases of special bail entered for the defendant upon a removal of his cause from a state court into this court, are not governed by the Rhode Island statute, but by the common law and the acts of congress. This bail, therefore, could only be discharged by surrendering his principal into court to be taken in execution, as at common law. The defendant then took leave to answer the cause, and prayed a writ of habeas corpus, in order to bring the principal into court. Upon a subsequent day in the term, the defendant was brought into court upon the writ of habeas corpus, and surrendered in discharge of his bail, and thereupon was committed to the custody of the marshal for twenty days, in order that he might be charged in execution upon an alias execution.

Pratt & Atwell, for plaintiff.

Mr. Robinson and R. W. Greene, for defendant.

STORY, Circuit Justice. The case does not fall within the provisions of the statute of Rhode Island respecting the commitment of the principal to gaol by his bail; but it must be governed by the judiciary act of 1789, c. 20, § 12, and the doctrine of the common law applicable to bail. We shall, therefore, order the party into the custody of the marshal, to remain in gaol under his custody for thirty days, that the plaintiff may sue out an alias writ of execution, and charge him thereon, if he shall be so advised.

---

## Case No. 6,594.

### HOLBROOK v. SMALL.

[Cited in Star Salt Caster Co. v. Crossman, Case No. 13,320. Nowhere reported; opinion not now accessible.]

---

## Case No. 6,595.

### HOLBROOK et al. v. SMALL.

### SAME v. MATTHEWS.

[2 Ban. & A. 396; 10 O. G. 508; Merw. Pat. Inv. 521.] [1]

Circuit Court, D. Massachusetts. Sept. 1, 1876.

CHANGE OF MATERIAL FROM WOOD TO IRON — WHETHER PATENTABLE—INFRINGEMENT.

1. A claim of the complainants' patent was for "a frame made of malleable iron or other metal, in combination with the handles and seed-box." The defendants proved that similar frames were before made of wood: Held, that

[1] [Reported by Hubert A. Banning, Esq., and Henry Arden, Esq., and here reprinted by permission. Merw. Pat. Inv. 521, contains only a partial report.]